UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**DEAN DAWES,**

   Plaintiff,

v.                                      **No. 4:24-cv-00035-P**

**LIKEWIZE CORP., ET AL.,**

   Defendant.

## MEMORANDUM OPINION & ORDER

Before the Court are Defendants' Motions to Dismiss (ECF Nos. 34 & 36). Seeing that both Motions to Dismiss are based on the same subject matter, the Court finds it prudent to address both Motions in this opinion. Having considered the Motions and applicable law, the Court determines that Likewize's Motion to Dismiss is **DENIED** and Resurgent's Motion to Dismiss is **DENIED in part and GRANTED in part**.

## BACKGROUND

Dean Dawes ("Dawes") began his employment with Likewize's predecessor, Brightstar Corporation, in October 2016.[1] After working at Likewize for a few years, Dawes was offered a position as the Chief Information Officer of the company in May 2020. Upon accepting this position, Dawes entered into a new contract with Likewize (the "Employment Agreement"). The Employment Agreement contained a provision requiring Likewize to compensate Dawes three months of severance pay in the event that he was fired without cause. Subsequently, after being terminated from his position, Dawes brought this suit against Likewize for breach of the Employment Agreement.

---

[1] Brightstar rebranded as "Likewize Corporation" in August 2021. For clarity's sake, the Court refers to the company solely as "Likewize" for the remainder of the Order.

Dawes claims that his termination was not "for cause" and that he is, therefore, entitled to severance pay per the Employment Agreement.

Before Dawes was terminated, Resurgent Intermediate, L.P. ("Resurgent") a subsidiary of Likewize, entered into an agreement with him in June 2021 (the "Award Agreement"). The Award Agreement granted Dawes over one-million units of equity interest in Likewize. After his termination, Dawes brought this suit against Resurgent for breach of the Award Agreement, claiming that he is entitled to payment for his equity interest. Dawes has demanded a jury trial on his claims and asserts that he is entitled to attorney's fees should he succeed on his claims. Defendants claim that Dawes is not entitled to attorney's fees if he succeeds on his claims. Additionally, Defendants assert that Dawes waived his right to a jury trial by signing the Award Agreement, which contains both a jury waiver provision and a choice of law provision. Those provisions provide as follows:

> <u>Governing Law.</u> All issues and questions concerning the construction, validity, enforcement and interpretation of this Agreement shall be governed by, and construed in accordance with, the laws of the state of Delaware without giving effect to any choice of law or conflict of law rules or provisions. . . that would cause the application of the laws of any jurisdiction other than the State of Delaware.
>
> <u>Jury Waiver.</u> EACH PARTY HERETO HEREBY WAIVES AND COVENANTS THAT IT WILL NOT ASSERT (WHETHER AS PLAINITFF, DEFENDANT OR OTHERWISE) ANY RIGHT TO TRIAL BY JURY IN ANY FORUM IN RESPECT OF ANY ISSUE OR ACTION, CLAIM, CAUSE OF ACTION OR SUIT. . . ARISING OUT OF OR BASED UPON THIS AGREEMENT OR THE SUBJECT MATTER HEREOF OR IN ANY WAY CONNECTED WITH OR RELATED OR INCEDENTAL TO THE TRANSACTIONS CONTEMPLATED HEREBY. . . .

Defendants claim that Dawes cannot demand a jury for either breach of contract claim because the Award Agreement's jury waiver provision applies to both claims. Further, Defendants argue that the law applying to the contracts precludes Dawes from recovering attorney's fees.

## LEGAL STANDARD

Rule 12(b)(6) allows a defendant to move to dismiss an action if the plaintiff fails to state a claim upon which relief can be granted. *See* FED. R. CIV. P. 12 (b)(6). A 12(b)(6) motion is an appropriate way to dispose of a claim for attorney's fees. *See e.g., Blanchais v. Flowserve Corp.*, No. 3:07-CV-1270-G, 2007 WL 9717596, at *2 (N.D. Tex. Nov. 19, 2007). In evaluating a Rule 12(b)(6) motion, the court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff. *See Inclusive Cmtys. Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 899 (5th Cir. 2019) (quoting *Campbell v. Wells Fargo Bank, N.A.*, 781 F.2d 440, 442 (5th Cir. 1986)). "Further, 'all questions of fact and any ambiguities in the controlling substantive law must be resolved in the plaintiff's favor.'" *Id.* (quoting *Lewis v. Fresne*, 252 F.3d 352, 357 (5th Cir. 2001)). However, courts are not bound to accept as true legal conclusions couched as factual allegations. *See In re Ondova Ltd.*, 914 F.3d 990, 993 (5th Cir. 2019) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The well-pleaded facts must permit the court to infer more than the mere possibility of misconduct. *See Hale v. King*, 642 F.3d 492, 499 (5th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). That is, the complaint must allege enough facts to move the claim across the line from conceivable to plausible. *See Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Determining whether the plausibility standard has been met is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* (quoting *Iqbal*, 556 U.S. at 663–64).

While a Rule 12(b)(6) motion may be appropriate to dispose of a claim for attorney's fees, it is not appropriate for disposal of a jury demand. The more appropriate remedy to dispose of a jury demand

claim is a Rule 39 Motion to Strike. *Brown v. Aetna Life Ins. Co.*, No. EP-13-CV-131-KC, 2013 WL 3442042 (W.D. Tex. July 8, 2013). Accordingly, the Court will treat Defendants' motions to dismiss jury demands as motions to strike under Rule 39. The Fifth Circuit has explained that the grant or denial of a jury demand is a question of law. *United Healthcare Ins. Co. v. Davis*, 602 F.3d 618, 624 (5th Cir. 2010). Additionally, courts should "indulge every reasonable presumption against waiver" of a jury trial. *Aetna Ins. Co. v. Kennedy to Use of Bogash*, 301 U.S. 389, 393 (1937).

## ANALYSIS

In Dawes's Amended Complaint, he demands a jury trial and claims that he is entitled to attorney's fees for both breach of contract claims. ECF No. 33 at 12. Though there is a jury waiver and a choice of law clause in the Award Agreement, Dawes argues that neither of these clauses are applicable and should be disregarded with respect to both of his claims. On the other hand, Defendants claim that the jury waiver is applicable to both breach of contract claims because the two contracts are so closely related. For attorney's fees, the Parties debate what law governs the contracts. Dawes claims that Texas law governs both contracts, entitling him to attorney's fees. Likewize claims that attorney's fees are not available because Florida law governs the Employment Agreement. Similarly, Resurgent claims that attorney's fees are not available because Delaware law governs the Award Agreement. The Court will begin with Likewize's Motion before turning to Resurgent's Motion.

### A. Likewize's Motion to Dismiss
#### 1. <u>Attorney's Fees</u>

First, Dawes claims that he has a right to attorney's fees for his breach of the Employment Agreement claim because Texas law governs the contract. ECF No. 38 at 4. Section 38.001 of the Texas Civil Practices and Remedies Code allows plaintiffs to recover attorney's fees for successful breach of contract claims. TEX. CIV. PRAC. & REM. CODE § 38.001. In contrast, Likewize argues that Florida law governs the contract, under which "there is no stand alone claim to attorney's fees. .

4

. . ." ECF No. 34 at 6; *Meyers v. Toojay's Mgmt. Corp.*, 419 B.R. 51, 60 (M.D. Fla. Oct. 21, 2009), *aff'd* 640 F.3d 1287 (11th Cir. 2011).

When a federal district court sits in diversity, it must apply the choice of law rules of the forum state, in this case, Texas. *See Klaxon Co. v. Stentor Electric Mfg. Co.*, 313 US 487, 497 (1941). Under Texas choice of law rules, the law is supplied by "the state which, with respect to that issue has the most significant relationship to the transaction and the parties." *Aperia Sols., Inc., v. eVance, Inc.*, No. 3:18-cv-03276-X, 2022 WL 16935241, at *2 (N.D. Tex. Nov. 14, 2022); Restatement (Second) of Conflict of Laws, § 188 (Am. Law. Inst. 1988). The "most significant relationship" is determined by evaluating the following factors: (1) "the place of contracting," (2) "the place of negotiation of the contract," (3) "the place of performance," (4) "the location of the subject matter of the contract," and (5) "domicile, residence, place of incorporation, and place of business of the parties." *Realogy Holdings Corp. v. Jongebloed*, 957 F.3d 523, 533 (5th Cir. 2020).

Here, Dawes claims that all factors weigh in favor of Texas law applying to the Employment Agreement, and the Court Agrees. *First*, Dawes has pled the breach of the Employment Agreement claim is related to the work he completed in Texas, not Florida, and the alleged breach occurred while Dawes was working in Texas. ECF No. 38 at 4. *Second*, Dawes notes that Likewize has provided no proof to support its assertion the Employment Agreement was negotiated in Florida. *Id. Third*, Dawes worked in both Florida and Texas, but his claim arises from his termination and performance in Texas. *Id. Fourth*, the subject matter of the contract is related to Dawes's employment at Likewize. *Id.* While Dawes worked both in Florida and Texas, the relevant time period (the year prior to his termination) and termination occurred in Texas. *Id. Finally*, Dawes has sufficiently established he resided in Texas during the relevant time period and Likewize is headquartered in Texas. *See* ECF No. 38 at 4–5.

In viewing the facts in a light most favorable to Dawes, the Court finds that Dawes has sufficiently pled facts to establish Texas law governs the Employment Agreement and, therefore, Section 38.001 of Texas Civil Practice and Remedies Code may entitle him to attorney's

fees. Accordingly, Likewize's motion to dismiss the claim for attorney's fees is **DENIED**.

   2. Jury Demand

Next, Dawes demands a jury trial for his Employment Agreement claim. ECF No. 33 at 12. While Dawes admits there is a valid jury waiver in the Award Agreement, he argues the waiver does not apply to his claim of breach of the Employment Agreement. On the other hand, Likewize argues the Award Agreement is so closely related to the Employment Agreement the waiver applies to both contracts. Specifically, Likewize argues the jury waiver applies to the Employment Agreement claim because it broadly applies to any claim "arising out of or based upon [the Award] Agreement" including if Dawes was "terminated for Cause." ECF No. 34 at 11–12. This debate is not about the validity of the waiver, but rather, the scope of the waiver.

"The right to a jury trial in federal court is clearly a question of federal law," not state law. *TransFirst Holdings, Inc. v. Phillips*, No. 3:06-CV-2303-P, 2007 WL 867264, at *2 (N.D. Tex. Mar. 22, 2007). Under federal law, a party may waive their right to a jury trial if done "knowingly, voluntarily, and intelligently." *RDO Fin. Servs. v. Powell*, 191 F. Supp. 2d 811, 812 (N.D. Tex. 2002). When analyzing a jury waiver provision, the Court "indulges every reasonable presumption against waiver" of the jury trial right. *Aetna Ins.*, 301 U.S. at 393. In certain cases, where two contracts are intertwined, a jury waiver in one contract may be applicable to claims relating out of the other. *BMC Software v. Int'l Bus. Mach. Corp.*, No. CV H-17-2254, 2022 WL 1733106, at *1 (S.D. Tex. May 30, 2022), *rev'd on other grounds*, 100 F.4th 573 (5th Cir. 2024).

Here, Likewize's attempt to interlink the Award Agreement and the Employment Agreement falls short. The Employment Agreement claims do not arise out of the Award Agreement, nor are they particularly related to the Award Agreement. *First*, *BMC Software* is markedly different from the case at hand. In *BMC Software*, the Court found that the two contracts were intertwined in such a way that they were dependent on each other and "formed an integrated whole." *BMC Software*, 2022 WL 1733106, at *1. In this case, while the Award Agreement jury waiver does use broad language to encompass any claim

"arising out of or based upon" the Award Agreement, the Court does not find that Dawes's breach of Employment Agreement claim, as pleaded, "arises out of" or is "based upon" the Award Agreement.

The Award Agreement was simply the vessel for Dawes to obtain stock in Likewize. The Award Agreement was signed over a year after the Employment Agreement, so the breach of Employment Agreement claim simply cannot "arise out of" the Award Agreement.

*Second*, as Dawes notes, if he chose to drop his claim against Resurgent, the claim against Likewize would still stand. This independence shows that the two contracts are not so clearly linked that one claim cannot exist without the other. The only link between the two contracts is the language about termination for cause, which is defined in the Employment Agreement. But the Employment Agreement defining "for Cause" is simply not a strong enough link to overcome the "reasonable presumption against the waiver of the jury trial right." *Aetna Ins.*, 301 U.S. at 393.

The Court finds that Dawes has sufficiently pled facts to establish his right to demand a jury trial on his breach of Employment Agreement claim against Likewize. Additionally, Likewize has failed to overcome the presumption against the waiver of a jury trial. Accordingly, Likewize's Motion is **DENIED**.

### B. Resurgent's Motion to Dismiss

#### 1. Attorney's Fees

Turning now to Resurgent's Motion, its argument similarly hinges on what state's law governs Dawes's claim for attorney's fees. Dawes argues the narrow language of the choice of law provision in the contract precludes Delaware law from governing the attorney's fees dispute. He, again, claims Texas law applies to the Agreement, and therefore Section 38.001 applies to this dispute as well. Resurgent argues that the Award Agreement's choice of law provision designates Delaware as the controlling law for the "construction, validity, enforcement, and interpretation" of the contract and, therefore, applies to the dispute over attorney's fees. Under Delaware law, Dawes cannot recover attorney's fees.

This dispute over attorney's fees can largely be resolved by a determination of the scope of the choice of law provision. Though there

is a choice of law clause, when the "choice of law clause does not address the general rights and liabilities of the parties," this Court must apply "Texas choice of law rules to determine which law applies." *Caton v. Leach Corp.*, 896 F.2d 939, 942 (5th Cir. 1990). Texas choice of law principles enforce a choice of law clause "if the law chosen by the parties has a reasonable relationship with the parties and the chosen state. . . ." *Caton*, 896 F.2d at 942. In *Caton*, the Fifth Circuit held that the choice of law clause was too narrow to apply to attorney's fees and, thus, applied Texas choice of law rules to determine which state had the most significant relationship to the transaction. *Caton*, 896 F.2d at 943. The court explained that a clause stating that state law "governs, construe, and enforce all of the rights arising from or relating inn any way to the subject matter of the contract" is much broader and more applicable to remedies such as attorney's fees. *Id.* However, if the choice of law clause is not broadly applicable, the Court must determine the state that has the "most significant relationship to the transaction and the parties." *Aperia Sols., Inc.,* 2022 WL 16935241, at *2. The "most significant relationship" is determined by evaluating the following factors the: (1) "place of contracting;" (2) "place of negotiation of the contract;" (3) "place of performance;" (4) "location of the subject matter of the contract;" and (5) "domicile, residence, place of incorporation, and place of business of the parties." *Realogy Holdings Corp.*, 957 F.3d at 533.

    Here, the Award Agreement's choice of law clause is distinguishable from the clause in *Caton* and, therefore, does not cover remedies such as attorney's fees. Consequently, the Court must determine which state has the most significant relationship with the contract at issue. Dawes argues that Texas has the most significant relationship to the contract because he was paid to relocate to Texas, he worked in Texas, he was fired in Texas. Additionally, Dawes asserts the contract, was negotiated and signed in either Texas or Florida, but not Delaware. *Id.* Finally, because the Court finds the clause does not cover attorney's fees, it need not determine whether Delaware has a "reasonable relationship with the parties."[2]

---

[2]The Court notes generally Section 187 of the Restatement of Conflict of Laws would apply because the Award Agreement contained a choice of law

Therefore, in viewing the facts in a light most favorable to Dawes, the Court finds that Texas law governs Dawes's claim for breach of the Award Agreement. Accordingly, Resurgent's Motion to Dismiss Attorney's Fees is **DENIED**.

2. Jury Demand

Finally, Dawes demands a jury trial for his breach of Award Agreement claim. "The right to a jury trial in federal court is clearly a question of federal law," not state law. *TransFirst Holdings,* 2007 WL 867264, at *2. Under federal law, a party may waive their right to a jury trial if done "knowingly, voluntarily, and intelligently." *RDO Fin. Servs.*, 191 F. Supp. 2d at 812. Dawes concedes in his Response to Resurgent's Motion to Dismiss that the jury waiver is valid only with respect to the breach of the Award Agreement. ECF No. 39 at 1. Accordingly, this Court will enforce the jury waiver provision only regarding the breach of the Award Agreement claim.

Accordingly, Resurgent's Motion to Strike Dawes's jury demand is **GRANTED**.

## CONCLUSION

Likewize's Motion to Dismiss (ECF No. 34) is **DENIED** in regard to both the claim for attorney's fees and the jury waiver. Resurgent's Motion to Dismiss (ECF No. 36) is **GRANTED** regarding the jury demand but **DENIED** regarding attorney's fees.

**SO ORDERED** on this **12th day** of **September 2024.**

_____
MARK T. PITTMAN
UNITED STATES DISTRICT JUDGE

---

provision. RESTATEMENT (SECOND) OF CONFLICT OF LAWS § 187(2). However, because the Court finds that the choice of law provision is too narrow to include attorney's fees, the application of Section 187 is inapplicable and the Court uses the factors in Section 188.